**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **STEVEN ELLIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 3:21-cv-556-CWB** |
| ) | |
| **SOUTHFIN AUTOMOTIVE, LLC** ) | |
| **(d/b/a J.D. Byrider) & SOUTHFIN** ) | |
| **ACCEPTANCE, LLC (d/b/a CNAC),** ) | |
| ) | |
| **Defendants.** ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is a Motion to Stay Judicial Proceedings & Compel Arbitration (Doc. 8) filed by Defendants SouthFin Automotive, LLC d/b/a J.D. Byrider and SouthFin Acceptance, LLC d/b/a CNAC.  Defendants predicate the motion on an arbitration agreement contained within an August 23, 2018 contract executed by Plaintiff Steven Ellis for the sale and financing of a used automobile. (Doc. 8-1 at pp. 4-6). As set out below, the motion is due to be GRANTED.

**I.     Arbitration Agreement**

Defendants have sufficiently alleged that the underlying contract evidences a transaction involving interstate commerce.  (Doc. 8 at pp. 3-4).  The court's review of the record finds such an allegation to be supported, and Plaintiff does not contend otherwise.[1]  (Doc. 18).  Plaintiff indeed concedes that this case should be compelled to arbitration but asks that the court first strike what Plaintiff asserts to be an invalid restriction upon his right to recover punitive damages.

---

[1] The court notes that the arbitration agreement included an express acknowledgement that the transaction involved interstate commerce and would be subject to the Federal Arbitration Act. (Doc. 8-1 at p. 5).

The provision being challenged by Plaintiff provides as follows:

G.  Punitive Damage Waiver:  The Parties waive any right to seek or recover punitive damages in any Dispute.  No arbitrator shall have the power or authority to award punitive damages.

(Doc. 8-1 at p. 5).  The "Punitive Damage Waiver" additionally is incorporated into a summary provision that further confirms "… THE PARTIES HAVE AGREED TO WAIVE … THEIR RIGHT TO SEEK PUNITIVE DAMAGES."  (*Id.*).

## II.    Discussion

Disputes over the validity and enforceability of arbitration agreements are governed by state law contract principles.  *See Perry v. Thomas,* 482 U.S. 483, 492 n. 9  (1987) ("[S]tate law, whether of legislative or judicial origin, is applicable *if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally.") (emphasis in original). The parties here do not dispute that the underlying contract was executed in Alabama and thus must be interpreted in accordance with Alabama law.  *See Nutrien Ag Solutions, Inc. v. Simmons*, 2:19-CV-614-WKW, 2022 WL 3230421, at \*5 (M.D. Ala. Aug. 10, 2022) ("Alabama follows the principle of 'lex loci contractus,' which states that a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction.") (citation and quotation marks omitted).

The Alabama Supreme Court has been consistent in its resolution of the precise issue now facing this court, *i.e.*, how to address a purported waiver of punitive damages embedded in an otherwise enforceable arbitration agreement.  First, such provisions purporting to eliminate the recovery of punitive damages have been deemed void as violating Alabama public policy.  *See Cavalier Mfg., Inc. v. Jackson*, 823 So. 2d 1237, 1246 (Ala. 2001) ("[W]e hold that an arbitration clause that forbids an arbitrator from awarding punitive damages is contrary to public policy in

2

Alabama and, thus, is void."); *Ex parte Thicklin*, 824 So. 2d 723, 733 (Ala. 2002) ("We conclude that the portion of the arbitration clause … that prohibits the arbitrator from awarding punitive damages is void … .").   Second, where arbitration agreements have included a severability clause, the additional inclusion of an offending punitive damages waiver has been found not to disturb arbitrability itself.  *Cavalier*, 823 So. 2d at 1249; *Thicklin*, 824 So. 2d at 734.  And third, offending punitive damages waivers have been affirmatively severed prior to compelling arbitration. *Cavalier*, 823 So. 2d at 1249; *Thicklin*, 824 So. 2d at 734.

Although this court will defer to the Alabama Supreme Court's pronouncement of state public policy and its recognition of severability as a matter of state contract law, the precedent of the Eleventh Circuit precludes this court from taking the further step of severance.  *See, e.g., Anders v. Hometown Mortg. Servs., Inc.*, 346 F.3d 1024, 1032-33 (11th Cir. 2003); *Bodine v. Cook's Pest Control, Inc.*, 830 F.3d 1320, 1328 (11th Cir. 2016).  Rather, if this court determines that severability would be permitted by state law so as to render the dispute arbitrable regardless of the punitive damages waiver, it must compel the dispute to arbitration and permit the arbitrator to determine whether the waiver will be enforced. *Anders*, 346 F.3d 1032 ("Since the case is going to arbitration, an arbitrator and not a court should decide the validity of the remedial restriction provision."); *Bodine*, 830 F.3d at 1238 ("The arbitrator, not the district court, must determine the validity of the terms of the arbitration agreement.").  *See also Musnick v. King Motor Co. of Ft. Lauderdale,* 325 F.3d 1255, 1261 (11th Cir.2003) (holding that "'[a] court compelling arbitration should decide only such issues as are essential to defining the nature of the forum in which a dispute will be decided.'") (citations omitted). [2]

---

[2] The arbitration agreement in the present case expressly deflects to the arbitrator "any Dispute over the interpretation, scope, or validity of this Contract, the arbitration agreement or the arbitrability of any issue."  (Doc. 8-1 at p. 4).  "Dispute" is defined as including "any claim relating

3

The record confirms that the contract at issue contains a severability clause of the type previously found sufficient under *Cavalier* and *Thicklin* to preserve arbitrability even though the arbitration agreement may contain an invalid waiver of punitive damages:

> K.   Severability:   If it is determined that any paragraph or provision in this arbitration agreement is illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect the other paragraphs and provisions of this arbitration agreement.   <u>The remainder of this arbitration agreement shall continue in full force and effect as if the severed paragraph or provision had not been included</u>. … .

(Doc. 8-1 at p. 5) (emphasis added).   The presence of such a provision mandates that the dispute in this case be compelled to arbitration *in toto*, as severability renders the potential invalidity of the punitive damages waiver inconsequential to arbitrability.   Stated differently, this court simply must assure itself that the punitive damages waiver can be "surgically lance[d]" without disturbing the arbitration agreement as a whole.   *Bodine*, 830 F.3d at 1328.   But this court "should not … perform[] that surgery itself" and must "leave to the arbitrator whether the arbitration agreement's terms are valid."   *Id.*

Ordinally, the court's analysis would now have reached its end.   This, however, is not the ordinary case—as Defendants have expressly <u>stipulated</u> to severance of the punitive damages waiver.   (Doc. 21).   The court therefore will recognize the stipulation and so limit its referral to arbitration in a manner consistent with that stipulation.   *See, e.g., Gipson v. Cross Country Bank*, 354 F.Supp. 2d 1278, 1289 (M.D. Ala. 2005) (explaining that a court's order of reference establishes the boundaries for an arbitrator's authority).

---

to the interpretation, applicability, enforceability or formation of this arbitration agreement, including, but not limited to, any claim that all or any part of this arbitration agreement … is void, voidable or unconscionable." (*Id.* at p. 5).

## III.    Conclusion

For the reasons set forth above, it is hereby ORDERED that Defendants' Motion to Stay Judicial Proceedings & Compel Arbitration (Doc. 8) is GRANTED.  Plaintiffs shall commence arbitration proceedings within 30 days of this Order, and all proceedings in this court are STAYED pending the outcome of arbitration.  The court expressly notes that its referral to arbitration hereby adopts Defendants' stipulation that the following provisions of the arbitration agreement be severed and not enforced:

> G.  Punitive Damage Waiver:  The Parties waive any right to seek or recover punitive damages in any Dispute.  No arbitrator shall have the power or authority to award punitive damages.
> …
>
> … THE PARTIES HAVE AGREED TO WAIVE … THEIR RIGHT TO SEEK PUNITIVE DAMAGES

(Doc. 8-1 at p. 5).

The parties are DIRECTED to file a joint status report regarding the arbitration proceedings every 90 days from the date hereof and no later than 21 days after conclusion of the arbitration proceedings.

DONE this the 1st day of September 2022.

_____
CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE